Mr. Justice Clayton
delivered the opinion of the court.
The appellees obtained a judgment against one Wadlington, in January, 1838, and in April, thereafter, Solomon West likewise obtained judgment against him. On this latter judgment execution issued, under which the appellant Harrington purchased the slave in controversy, in April, 1839. The defendant in the executions, Wadlington, died in 1841-, and no administration was granted on his estate. In October, 1844, the appellees caused an execution to be issued on their judgment, without any previous process to revive it, and the slave in controversy was seized under it. Harrington had been in the• peaceable possession of the slave, from the time of his purchase in 1839, and this proceeding was instituted to try the right of property. The verdict and judgment below were in favor of the appellees.
The first error assigned is, that the court refused to quash the execution of O’Reilly upon the motion of Harrington, and improperly admitted it as evidence. It has been settled by this court, that an execution, the teste of which bears date, after the death of the defendant should be quashed upon motion. Davis v. Helm, 3 S. & M. 1. But the usual language of the books is, that this can only be done by the party, or his representative. The question generally arises, when a sale has already taken place, and where the contest is between the purchaser at the sale, and some other person, in regard to the property. In such case the courts have uniformly decided, that the execution is not void, but voidable, and refused to set aside a sale under it, made at a time when the execution was valid. The execution is valid, until avoided, and a stranger who purchases under it, *219 will be protected. His rights are not to be affected by subsequent acts, over which he had no control. Woodcock v. Bennet, 1 Cow. R. 737; Jackson v. Robins, 16 Johns. 537; Jordan v. Pool, 6 Iredell, 288. This reasoning has no application to the case before this court. There is no purchaser under the execution, whose rights are involved. Executions, until a sale under them, when new interests accrue, are always under the control of the court from which they emanate. If improvidently issued, they should be recalled or quashed. The process of the courts should not be employed, except in cases authorized by law; and courts should prevent any abuse of their process, whenever it can be done without prejudice to interests lawfully acquired under it. In this view of the law, the execution in this case being erroneous and voidable, ought to have been quashed. It was not consummated by sale, and no injury could arise, from stoppiug an unauthorized proceeding.
If the motion to quash had been made by the administrator of Wadlington, there could have been no doubt. But Harrington, as the purchaser of Wadlington’s interest, stood in privity of estate with him to the extent of that interest. When it is attempted to take away his rights by an execution against Wadlington, as to the plaintiff in the cause, he ought to be permitted to interpose any obstacle which the representative of Wadlington could do.
We think, therefore, the execution should have been quashed, upon the motion ; and the determination of this point,. makes the decision of the others unnecessary.
If the execution had been quashed, of course it could not have been evidence in favor of the plaintiff in the execution. It was therefore improperly admitted.
The judgment is reversed, and the cause remanded for further proceedings.